**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ESTHER CASTRO, CASE NO.: 1:16-cv-24690

Plaintiff,

vs.

KENTUCKY HIGHER EDUCATION
STUDENT LOAN CORPORATION, DEMAND FOR JURY TRIAL

Defendant,
_______________________________/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, ESTHER CASTRO (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION, (hereafter "Defendant"), and states as follows:

**PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq*. (hereafter the "FCCPA) and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. (hereafter the "TCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Dade County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a municipal corporation authorized to do business in the State of Kentucky.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Dade County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Dade County, Florida, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to a Kentucky Higher Education Student Loan Corporation Loan, Account No. ending in –6450.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on October 29, 2015, through a facsimile transmission to Defendant's facsimile no. 502-329-7077. See facsimile confirmation attached as Exhibit "A."

13. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the contact information for the law firm.

14. Plaintiff is the regular user and carrier of the cellular telephone number ending in -5150 and was the called party and recipient of Defendant’s automatic telephone dialing system and/or artificial or prerecorded voice.

15. Defendant knowingly and/or willfully called Plaintiff’s cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on October 29, 2015.

16. Defendant knowingly and/or willfully called Plaintiff’s cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm’s contact information.

17. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff’s cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

18. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff’s cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit “B.”

19. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

20. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

21. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

22. Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

23. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

24. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

25. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

26. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

27. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

28. Plaintiff incorporates all allegations in paragraphs 1-27 as if stated fully herein.

29. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

30. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

31. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

32. Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified in writing not to contact Plaintiff and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, ESTHER CASTRO, demands judgment against Defendant, KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**

33. Plaintiff incorporates all allegations in paragraphs 1-27 as if stated fully herein.

34. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

35. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

36. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, ESTHER CASTRO, demands judgment against Defendant, KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

37. Plaintiff incorporates all allegations in paragraphs 1-27 as if stated fully herein.

38. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

39. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

40. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

41. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, ESTHER CASTRO, demands judgment against Defendant, KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 29, 2015;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues.

[SIGNATURE PAGE TO FOLLOW]

**VERIFICATION**

Under penalty of perjury, I have read the foregoing and it is true and correct.

[signature]
ESTHER CASTRO

STATE OF FLORIDA
COUNTY OF Miami-Dade

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 1st day of November, 2016, by ESTHER CASTRO, who is personally known to me or who produced n/a as identification and who did take an oath.

JUANA M. AMAGO
Notary Public - State of Florida
Commission # FF 898593
My Comm. Expires Sep 8, 2019
Bonded through National Notary Assn.

[signature]
Signature of Notary Public
Print, Type, Stamp Name of Notary

Date: November 8, 2016

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**